UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL G. ROBINSON, | ) |
| Movant, | ) )  )  ) |
| v. | ) ) No. 1:20-cv-201-SNLJ |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is movant Michael G. Robinson's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1] Movant has filed a previous § 2255 motion that was denied on the merits, and he has not received authorization from the United States Court of Appeals for the Eighth Circuit to file a successive motion. Therefore, the Court will deny and dismiss the motion without further proceedings.

**Background**

On June 9, 2015, movant pleaded guilty to being a felon in possession of a firearm. *United States v. Robinson*, No. 1:15-cr-50-SNLJ-1 (E.D. Mo. 2015). On November 10, 2015, he was sentenced to 120 months' imprisonment. He did not appeal.

Movant filed his first 28 U.S.C. § 2255 motion on April 4, 2016. *Robinson v. United States*, No. 1:16-cv-72-SNLJ (E.D. Mo. 2016). In the motion, he sought relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court denied movant's motion without a hearing on August 29, 2016, and movant did not appeal. Movant filed a second § 2255 motion on November

---

[1] Movant did not file the motion on the proper form, as required by the Local Rules of this Court. However, it is clear he initiated this action to seek relief pursuant to 28 U.S.C. § 2255. Therefore, the Court interprets movant's filing as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

20, 2019. *Robinson v. United States,* No. 1:19-cv-220-SNLJ (E.D. Mo. 2019). On December 9, 2019, the motion was denied and dismissed after the Court determined it was an unauthorized successive motion. Movant did not appeal. Movant filed the instant motion on September 22, 2020. Therein, he states he is entitled to relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

**Discussion**

Because movant previously filed a § 2255 motion that was denied on the merits, the instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. However, it has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Under 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The requirement that prisoners obtain authorization from the Circuit Court before filing a second or successive petition in the District Court is jurisdictional. *Burton v. Stewart*, 127 S. Ct. 793, 796 (2007). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks omitted). Accordingly, the instant

motion will be denied and dismissed without prejudice to refiling if, and when, movant obtains permission from the United States Court of Appeals for the Eighth Circuit to do so.

Movant also asks the Court to appoint counsel. Movant's request will be denied. There is neither a constitutional nor a statutory right to appointed counsel in § 2255 proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). Instead, a court may appoint counsel in a § 2255 case if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2255(g). When no evidentiary hearing is necessary, the appointment of counsel is discretionary. *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir. 1994). Here, as noted above, movant has not obtained the necessary authorization from the United States Court of Appeals for the Eighth Circuit to file a successive § 2255 motion. It therefore cannot be said that the appointment of counsel would be in the interests of justice. Additionally, courts generally do not appoint attorneys to assist inmates with investigating or commencing actions. *United States v. Hessman*, 2008 WL 656507 (N.D. Iowa, Mar. 11, 2008).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

3

**IT IS HEREBY ORDERED** that movant's motion to vacate is **DENIED** and **DISMISSED**, without prejudice, because it is an unauthorized successive motion. *See* 28 U.S.C. § 2255(h). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

Dated this 8th day of October, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE